IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEBRA L. ISHUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-0475-SSA-CV-W-MJW |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On October 22, 2002, plaintiff Debra L. Ishum filed an application for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401, et seq., alleging disability beginning June 9, 2002. Plaintiff's application was denied initially and a request for hearing was filed by plaintiff. On April 28, 2005, following a hearing, the Administrative Law Judge (ALJ) found that plaintiff was not disabled, and therefore, not entitled to Social Security disability insurance benefits. On June 19, 2006, the Appeals Council remanded the case to the ALJ due to the ALJ's inadequate evaluation of a treating source opinion. On June 12, 2007, following another hearing, the ALJ found plaintiff was not disabled. On October 20, 2007, the Appeals Council remanded the case back to the ALJ due to the ALJ's failure to account for plaintiff's severe mental impairment in the residual functional capacity assessment (RFC). On June 17, 2008, following a third hearing, the ALJ found that plaintiff was not disabled and, thus, not entitled to disability benefits through the date of the decision. On March 24, 2010, the Appeals Counsel denied plaintiff's request for review. Thus, the June 17, 2008 decision of the ALJ stands as the final decision of the Commissioner.

On May 10, 2010, plaintiff filed an appeal with this Court requesting the decision of the Commissioner be reversed with an order to calculate and pay benefits. The parties' briefs were fully submitted and on July 21, 2011, they were given an opportunity for oral argument. The

entirety of facts and arguments of the parties are presented in the briefs and will not be repeated in this order.

## Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

The Commissioner's final decision determined that plaintiff suffered from the severe impairments of fibromyalgia, depression, mild degenerative disc disease, chronic interstitial

cystitis and acid reflux. The ALJ determined plaintiff to have the RFC to perform simple, unskilled work of a wide range of sedentary exertion and, thus, was not disabled under the Act.

Plaintiff challenges the ALJ's decision, alleging that the ALJ erred in: (1) not properly considering the opinions of her doctors; and (2) improperly finding at Step 5 that she had an RFC to perform sedentary work.

As to consideration of the opinions of plaintiff's doctors, she alleges that had the ALJ accepted the opinion of her treating physicians, Drs. Hedges, Heisler and Box, he would have made a finding of disabled. Plaintiff alleges that the ALJ improperly rejected the reports of these doctors.

Upon review, it is clear that the ALJ discussed all the medical opinions of Drs. Hedges, Heisler and Box, taking into consideration the factors set forth in 20 C.F.R. § 404.1527(d). As to Dr. Hedges' opinion, the ALJ properly noted that this doctor was not a treating physician and had only examined plaintiff twice before giving her opinion. There is no error in the ALJ not giving this doctor's opinion controlling weight.

Although Dr. Box treated plaintiff fairly regularly from November 2005 to February 2008, his opinions were noted by the ALJ as being inconsistent with the objective evidence, including clinical findings, Dr. Box's own treatment notes, and the record as a whole. The ALJ also noted Dr. Heisler's treatment notes as inconsistent with his opinion. See Heino v. Astrue, 578 F.3d 873, 879-80 (8th Cir. 2009) (stating that the ALJ may reject the treating physician's opinion if it is inconsistent with the record as a whole or other medical evaluations are "supported by better or more thorough medical evidence"); Davidson v. Astrue, 501 F.3d 987, 990-91 (8th Cir. 2007) (stating that an ALJ appropriately discounts a treating physician's opinion when it is inconsistent with the physician's clinical treatment notes). Plaintiff's argument that Dr. Heisler's notations that she was "doing well" do not describe her limitations in the mental illness context is without merit when considered in the context of Dr. Heisler characterizing plaintiff's depression as "low grade." The ALJ's consideration of Dr. Heisler's treatment notes indicating improvement and stability was not error. As to the GAF score, which plaintiff alleges was not properly considered, the court finds that the ALJ properly discussed the score and why it was found to be inconsistent with Dr. Heisler's opinion that plaintiff had poor or no ability in

3

one-half of the mental categories. The ALJ also properly set forth how such a score was inconsistent with the record.

Also properly considered by the ALJ were plaintiff's self-reported daily activities and the inconsistency between them and the opinions of Drs. Box and Heisler. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight given to a medical opinion).

There is substantial evidence in the record to support a finding that the ALJ properly considered the opinions of plaintiff's doctors.

RFC to Perform Sedentary Work

The Court finds that at Step 5, the ALJ properly incorporated all the credible limitations the ALJ found to be supported by the record as a whole into his RFC determination for plaintiff, and into the hypothetical question submitted to the vocational expert. See Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005). Plaintiff's arguments that the ALJ improperly considered evidence beyond the medical records and improperly imposed his opinion for that of the doctors are without merit. As set forth above, the ALJ properly considered the medical opinions in the record in determining plaintiff's RFC. It is the duty of the ALJ to review conflicting medical opinions in the record and make determinations based on what the substantial evidence in the record as a whole supports. See Heino v. Astrue, 578 F.3d 873, 879 (8th Cir. 2009) ("The ALJ must resolve conflicts among the various [medical] opinions."). The ALJ's role is to review the record as a whole, which includes not only the medical opinions of record, but also multiple other factors, including, but not limited to, the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; and the corroboration by third parties of claimant's impairments. McMillian v. Schweiker, 697 F.2d 215, 221 (8th Cir. 1983). Here, the ALJ properly considered the record as a whole in determining plaintiff's RFC and properly incorporated such RFC into the hypothetical question posed to the vocational expert. The law clearly states that the hypothetical question to the vocational expert need only include those impairments that the ALJ finds are substantially supported by the record as a whole. Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011).

4

There is substantial evidence in the record to support the ALJ's RFC determination and that the ALJ's corresponding hypothetical question posed to the vocational expert was proper.

## Conclusion

There is substantial evidence in the record to support the ALJ's decision that plaintiff is not disabled under the Social Security Act. It is, therefore,

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 9th day of August, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge